5-170226. Counsel ready? You may proceed. Your Honors, my name is Attorney Deidre Brockmore and I represent Aahmes Temple in the case that is presently before you. The main two issues in this court, I'm sorry, in this case, Your Honor, is whether or not service was properly served on an Illinois limited liability corporation and also whether or not the court erred in failing to conduct an evidentiary hearing in light of the competing affidavits that were on file. Now, I'm very aware that you guys have read the briefs and there are differences in facts, but Your Honors, there are four facts that are not in dispute at all. The first one is that Aahmes Temple named a Jesse Gurley as their registered agent and that name was registered with the Illinois Secretary of State. I have one question and we got all the way through. Did it always have I-I-I or I-V or just name? Your Honors, it had, it was only Jesse Gurley with no suffix. No I-I-I or I-I-I, okay. Yes, Your Honor. That's what I didn't know. You're correct on that. And so, Your Honor, no, the suffix was not added to his name when he registered with the Illinois Secretary of State. The second undisputed fact is that Jesse Gurley III was not the registered agent for Aahmes Temple. He did not have any authority to accept service on behalf of Aahmes Temple. As a matter of fact, Jesse Gurley III had absolutely no affiliation with Aahmes Temple. Whereas Jesse Gurley IV, he did. He had affiliation with Aahmes Temple and, in fact, he was one of the board members at the time he was appointed as the registered agent. The third undisputed fact is that when Jesse Gurley IV was served with Plano's Citation to Discover Assets, he promptly turned over the Citation to Discover Assets document to an agent of Aahmes Temple. It should also be noted that when Jesse Gurley IV was served with the Citation to Discover Assets, he was no longer the registered agent. As a matter of fact, Susskind Lockett was actually the new registered agent, and Plano still served Jesse Gurley, Hey Jesse Gurley, with service of process. And as soon as the new registered agent received the documents, Aahmes Temple promptly entered their appearance on the case and requested and filed a motion to apply service of summons. The fourth undisputed fact, Your Honors, is that the defendants in this case, Aahmes Temple, did request for a hearing on the matter as to whether or not service was proper. However, the trial court denied defendants' request for a hearing and instead made a decision solely based on discovery depositions, pleadings, and arguments that had been presented before him. On the day of the scheduled hearing, defendants was prepared to proceed with an evidentiary hearing in that defendants brought three witnesses with them that were all willing to testify, and plaintiffs appeared by counsel. Plaintiffs did not appear, and the special process server did not appear. It is of my opinion, Your Honors, that had an evidentiary hearing been conducted, I strongly believe that the defendants would have had a strong chance of prevailing because there was no one else present to controvert the fact as to whether or not the correct Jesse Jordan was served. The fourth, I'm sorry, and so that was the fourth point that is not disputed by us. Your Honors, the legislature, they have gone into great detail to give us guidance on how we are supposed to serve an Illinois limited liability company as opposed to serving a person. An Illinois liability company can only be served one of three ways. Served as on a registered agent, serviced, I'm sorry, one of four ways. Served as on a registered agent, serviced on an officer or agent of a corporation, the Illinois Secretary of State, or by publication. There is no other way to give a corporation notice that there is a pending lawsuit without doing at least one of the four things that have just been described. And the purpose of that, Your Honor, is to give the corporation an opportunity to respond and defend any lawsuit that may be pending against them. The person that is being served must have actual authority to accept service on behalf of the corporation. If the person does not have actual authority to accept service on behalf of the corporation, plaintiff has outlined in their brief what is called the purported agent. That does exist. However, in all of the cases that plaintiffs cited regarding a purported agent, every case it was reasonable, it may have been reasonable for someone to believe that that person was affiliated with that corporation because that corporation, that person either worked there, well, because the person worked there. In this case, there is no affiliation at all. Jesse Gurley III had absolutely no affiliation with Ivy's Temple, and therefore he could not have been a purported agent. Also, Your Honors, the special process server attempted to serve Jesse Gurley on two separate occasions. The first time when he went to the home to serve the original service, and some is in complaint, he asked for Jesse Gurley, did not explain what the documents were about, and 65-year-old Jesse Gurley came to the door, accepted service, placed the documents on the table, never looked at them again. When the special process server went to serve Jesse Gurley IV, I'm sorry, when the special process servers went back to that same location and asked for Jesse Gurley, he gave additional details as to who he was looking for and the reason that he was looking for. And at that point, he was told by Jesse Gurley's mother that no, he lives at a different address. This is where he lives. And once the special process server received that information, then he went and he served the correct Jesse Gurley. At the time, that Jesse Gurley wasn't even a registered agent anymore. So had the special process server asked, hey, are you the registered agent for Ionese Temple? Do you have the authority to accept service? Do you understand what's in these documents? I believe that the proper Jesse Gurley would have been served. But in this case, Your Honors, they were not served. I can also question the summons would not have prejudiced plaintiff at all. The statute of limitations had not run. She could have still moved on with her case. However, my clients, the defendants, would have definitely been prejudiced because they had no opportunity to make objections to the case. They had no opportunities to defend themselves. Not only did they not have that opportunity at trial to defend the case itself, they never even had an opportunity in the evidentiary hearing to dispute what plaintiffs believed was proper service. The only explanation that we got was I've heard this before. That said, we were not allowed to proceed with any type of hearing where testimony would have been taken even though we requested to do so. And so, Your Honors, for that reason, I'm asking that this court reverse the trial court's decision that service was proper because it was not the person that was served did not have the authority to accept service on behalf of Ionese Temple. Or in the alternative, I would ask that the case be remanded to the trial court with instructions on conducting an evidentiary hearing. Thank you, Counsel. You're welcome. Good morning, Your Honors. May it please the Court, my name is Christina Cooksey and I represent the plaintiff, Michelle Pickens. Today we're here, in my opinion, on a very simple issue. When a plaintiff serves a defendant corporation in the exact place, at the exact address, and the exact person that they designate in their Articles of Incorporation, in fact, the only person within the State of Illinois that qualifies as the person designated by the defendant corporation is service proper. And plaintiff submits, yes, it is, and in this case, it definitely was. I would like the Court to take special notice of a plaintiff's brief that is at C215 in the record. Exhibit 9 of that brief contains the defendant's certified copies of their Articles of Incorporation. I would invite you to examine and compare the certified copies of the Articles of Incorporation that defendant filed with the Illinois Secretary of State with plaintiff's service of summons in this case. What you're going to find is that they identically match. You're going to find that they both list Jesse Gurley, 104 Fletcher Street, Collinsville, Illinois, 62234. As a matter of fact, counsel just stipulated to the Court that no suffix was ever provided to the Secretary of State, but the certified evidence in the record also establishes that. I'm looking at the affidavit of service, counsel, and it says personal service. Yes, the... Would you address that? Yes, I will. I'll need to pull out the affidavit. I do believe that was an error, however, on my process server's part. He testified, and his deposition is in the record as an exhibit to plaintiff's brief, that he was effectuating service on a registered agent of a corporation. He was attempting to serve Jesse Gurley at 104 Fletcher Street, Collinsville, Illinois, 62234. But he did read the caption of the lawsuit, which was Michelle Pickens v. Amis Temple, a corporation, and he asked the man to accept. Additionally, the man who did accept, based upon his deposition testimony, said that he was aware of the paperwork that he took, that he's interested in it, and that testimony is on page 8 of plaintiff's brief. So when I received, 16 months after this lawsuit was initiated, defendant's motion to quash service and set aside default judgment, the first thing I did was look in the file and say, wait a minute, what did the Secretary of State's record say, and what does my affidavit of service say? They match. So then, the next thing I did was ask for the certified records from the Secretary of State. We all know that when a plaintiff brings suit against a corporation, they have to identify, on their own, the registered agent. How do they do that? They go to the Secretary of State's website. Possibly the Secretary of State made an error, so that's why we went the further step to get their certified articles of a corporation and make sure that that didn't happen in this case. It didn't. The plaintiff did serve Jesse Gurley at the address that was indicated by the defendant. The defendant is allowed to exist as a corporation within the State of Illinois because it follows the statutory requirements to become a legal entity. Those statutory requirements, the charter document is the articles of incorporation. The articles of incorporation specify that a registered agent has to be specifically identified, and the defendant did do that. Admittedly, Jesse Gurley, 104 Fletcher Street, Collinsville, Illinois, 62234, which is exactly where service of process was effectuated in this case. The defendant, in this case, can't be allowed, after the fact, to play a shell game and say, oh, not that Jesse Gurley, this Jesse Gurley, oh, sorry, we didn't make a record exactly who you needed to serve as the registered agent. And that's what's happening in here, and that's what would happen if the court accepted defendant's argument. As a matter of fact, once we got that information, we asked the court, can we do some limited discovery and see what's going on here? The court agreed, and we took four discovery depositions. What I learned made defendant's actions in this case even worse, because the person who testified that he was the proper Jesse Gurley, Jesse Gurley III, said he moved from 104 Fletcher Street in 2012 before he was ever appointed to be registered agent. So the only Jesse Gurley in the state of Illinois that lived at that address was the person we served. He also testified that when he was appointed, he didn't live there, he didn't know he was appointed. If he was asked, he would have said no, and he wouldn't have agreed to do it. He testified that his membership terminated in 2014, although in 2015 he was still defendant's named registered agent. He testified that on his driver's license, it still said that address, because it took him four years to change it. So even if the plaintiff had done a background check on the registered agent, which I've filed hundreds of lawsuits in my life and we don't do that, but had that happened, it would have still revealed Jesse Gurley. That Jesse Gurley lived at 104 Fletcher Street. So even at the time of the deposition, he had moved a third time and hadn't changed his address for six months with the Secretary of State, even though that's a 10-day requirement by the Illinois statutes. What did his father say? The one that we did serve, or he testified that we did serve. He said, I routinely accept mail on my Sons With App. And in fact, they all testified that there have been five Jesse Gurleys, three of which have lived in that home over the past 30 years. He said, I know mail gets messed up all the time. I know packages get delivered. I know these things happen, and I routinely accept things for the Jesse Gurleys that live in my house. In fact, I have a pile where I put that mail, and that's where it was. And I remember giving him the stuff in this lawsuit. Later in cross-examination, he recanted, but that's what he said when I examined him. In fact, I asked him, and this is page 8 of my brief. It's also page at C417 and 18 in the record. Do you recall that happening back in June of 2015, a process over coming to you and giving you a paper that looks like what's identified? He said, I don't remember the exact date, but I know I received paperwork similar to that that I probably signed for because I knew my son was involved in that group at one time, and that's my address. Anything that comes to my house that's got a name Jesse Gurley, I'm interested in that. And are you going to accept it? Yes. If it has my name on it, and it's a possibility that it could be something I need to follow up on or do something about, and even if it's for your son, you're going to accept it, correct? Do you have the authority to accept deliveries and packages and mail on behalf of your son? Well, when you say authority, I feel I do because it's my house and my name on there. If it's not mine, they shouldn't be delivering it to me or asking me to sign or look at it. And when you pass mail on to your son, he understands that you've accepted it on his behalf? Yes. And he never told you not to do that? Yes. As a matter of fact, later in the deposition, he testified his son appreciated him doing that, and his mom said she recalled him getting all of his mail, and he thanks her for doing that for him. Counsel, but it's a question of actual authority. It goes to actual authority from the LLC, not from the son, does it not? And that's what's interesting about this case, Your Honor, is that by that definition, the defendant, Temple, had no registered agent in the state of Illinois at the time because the one that they gave authority to said he didn't want it, would have said no, and didn't live at that address. The one who we served, who is the name and address on their charter document that is statutorily required in the state of Illinois, said, yeah, I accept it. I knew he was involved at that organization. I was going to pass it along. So there was no one then, by that definition, that we could serve in the state of Illinois that was identified in that charter document. And so this gets back to your argument about this being a shelving. Okay. So you have authority which you can cite, showing, again, it is incumbent on the defendant to have a proper registered agent and an address, obviously, so that a plaintiff can serve. Show the court what we need to look at as far as that issue is concerned. You know, you said, hey, it's on them. It's confusing. Well, that's their fault, not yours. Well, it is. I wouldn't even call it confusing. I think it's intentionally misleading to identify somebody that you haven't even communicated with as a registered agent who knowingly, because you terminated his membership, does not live there anymore, they know his name, he would refuse to act as such, and to leave that on the paperwork. And then a year and a half after plaintiff effectuates service says, oh, yeah, there's more than one, and we're going to say it's this one. That's improper. The laws of the state of Illinois say a corporation cannot exist unless you meet these requirements. And those requirements are kept by the Illinois Secretary of State for the benefit of an individual plaintiff when they're harmed to go and figure out how to serve this entity. That's what plaintiff did. She followed to the letter of the law. She went to the Secretary of State. She got the documents. She found Jesse Gurley at the address. He accepted service. And by all intents and purposes, every deposition in this case says that the mail likely got to him, that he likely got it. So at this point, what else does plaintiff do when she serves the exact person that's identified by law as the registered agent? Are the depositions that you referred to counsel made part of the record? They're part of the circuit court record, absolutely. Circuit court read and considered those in its room? Yes. As a matter of fact, our oral arguments, both counsel relied on those depositions, and they were submitted as part of briefs that counsel argued the case on briefs prior to the hearing date. So those depositions were definitely before the court and argued by myself and Ms. Moore. Should I proceed? The default judgment was entered? Yes. Okay. And then how much time elapsed before the next motion? You had a motion to quash, I guess. Motion to quash. So service happened July 24, 2015. There were several, and that's in the record, certified letters. My office hates motions for default. We want to get people in the case. So we send certified letters over and over again that were all signed for at this address. That's in detail in the depositions about who did or didn't sign for them, but we have certified receipts for all of that. That happened several times. And then, let's see, the order for default judgment happened in April of 2016, so nearly a year after service was effectuated. Oh, that's the damages. We actually did an order for default judgment in January of 2016 and then set a hearing again in April of 2016 for the damages portion of that default judgment. And all throughout that, continued to send certified mail to 104 Fletcher Street to let them know what was going on, hopefully to get counsel in the game and to get things moving. That never happened until we were to, in the fall of 2016, the citation to discover assets. So default judgment was entered in January. Damages were entered in April. The first appearance by defendant was in October of 2016. And you sent it to the address listed on the website for the Secretary of State. Yes, and that's born in the correspondence. And I do believe, although he denied it during his deposition, that the appropriate Jesse Gurley did sign one of the green cards. I think it's clear from his driver's license photo that I entered into evidence that that is his signature, and it says the third on that green card, the signed green card. I believe that was in December of 2015, that was the one with his signature. The other ones, his mother or his father testified they received and testified that it was in that pile of mail that they give to him and that they do get from his mail. Just to briefly bring out, I don't believe that in this case we can reward corporate bad actions at the expense of the plaintiff. The plaintiff was injured. She brought suit for premises liability against Defendant's Nightclub, and she did follow everything she was supposed to do at law. It's been three years. She hasn't been able to conduct discovery. It's been a course of expensive litigation. And all the evidence in the record before you points to the fact that if defendant was not aware of this lawsuit, it's because defendant didn't do the things required of it by Illinois law, by complying with the statutory requirements of the Secretary of State. They plaintiffed it in this case. They had it. And the other thought I have on this is she wants you to assume that because when it finally came to citation to discover assets, the paperwork got turned over, that he would have earlier in the case. But based on his testimony that he didn't want to do this, he had no intention of doing this, and his parents had given him all this information, how do we know that he didn't just say, I don't want to be involved and throw it away? I don't know. If you're going to assume the one, you have to assume the possibility of the other. And my question is, at that point, it doesn't matter if the case was clear. It doesn't matter if he gave it to the proper people at the corporation. If I have service according to the laws, then that they didn't respond was on them. So I would ask that you not reward defendant for their shelving in this case and that you find that service was effective and proper. And I would just add that we did have our witnesses there. Of course, I didn't have plaintiff. I had my process server at the hearing. But the depositions were taken in the court. We've argued those in the court felt that he had a grasp on the case, and I feel like he did as well. And I believe that his order should be affirmed and that the judgment should be appointed. Any questions? Thank you. May it please the Court. Your Honor, I just have a few things to clarify on the record. Plaintiff wants us to believe that it is so uncommon for persons with the same name to live in the same home. That is the most common thing around. There are plenty of people that are named after their father or grandfather, and they all reside in the same home. Plaintiff is trying to shift the burden to defendant. It is plaintiff's responsibility to make sure that service is properly served upon a defendant. That's not defendant's job, Your Honors. There's also the rule that says for the purposes of service, that Jesse Durden IV actually had to live at that location. That was a location that could be used to receive mail and to receive service. There's no rule that requires him to live there as a registered agent. Also, plaintiff wants us to believe that throughout this whole process that she was very diligent in finding out who the registered agent was. Or if you go back, Your Honor, plaintiff said that in April 2016, the damages portion for the default judgment was actually entered. And plaintiff sent certified letters to 103 Fletcher Street. Well, that's problematic because Irene's Temple had already changed their registered agent to a Susskind Lockett in March of 2016. So once again, plaintiff is still serving the wrong person. Was the court notified of the change? The court? Was the court then in the judgment notified? Yes, Your Honor. The court was notified. The mail is off record someplace. The new address. The new address is actually registered with Illinois Secretary of State, Your Honor. The new address. The new registered agent, yes, Your Honor. So in March of 2016, that information was readily available on the Illinois Secretary of State's website. But again, plaintiff still decided to serve a Jessie Gurley. So for plaintiff to say that she was very diligent in making sure that she served the wrong person, Jessie Gurley and Susskind Lockett, they don't sound alike at all. That's part of the damage here in April. Yes, Your Honor. Is that right? Yes, Your Honor. I'm just shaking her head. I thought I heard that January. Was the liability. The liability. And then your argument is the change was in March prior to the damages here. Yes, Your Honor. Okay. Yes, Your Honor. And also, plaintiff wants it to be okay for a corporation to allow anybody to accept service on their behalf. It's fine for a dad to accept service on behalf of his son personally and individually, but it is not fine for him to accept service for his son. I'm sorry. It's not okay for him to accept service for I.M.E.'s Temple. He never had the actual authority to do so. And plaintiff is incorrect when she states that everybody says that Mr. Gurley, the registered agent, received the mail. In fact, it's to the contrary. It is not clear whether or not he received the mail. He himself said that he did not receive the mail. And, Your Honor, that's another reason why an evidentiary hearing should have been conducted to determine these issues at the trial level. The trial court had, it sounds like the deposition testimony was brought up in arguments. I understand there wasn't a live evidentiary hearing. The court had all this evidence in front of it, did it not? Your Honor, I would Or was it deposition testimony? Your Honor, in the briefs there were, I mean, the entire deposition was not given to the court. We had our briefs and we submitted that to the court. So it wasn't the entire deposition testimony. Okay. And so, again, Your Honor, I would ask that the decision of the trial court Was there a reporter at the motion hearing? Will there be a transcript? Your Honor, I do not recall if there was, I do not recall if there was a court reporter at the hearing. I do know that I did file a notice of hearing and I did request for a hearing. And none of my witnesses were allowed to testify. As a matter of fact, I was cut off. Okay. Thank you, counsel, for your arguments. Thank you. The court will take this matter under advisement and render a decision in due course.